UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN HERNANDEZ, | No. 2:21-cv-0480 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| JOHN DOE # 1, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants violated his Eighth Amendment rights. Presently before the court are plaintiff's motions to proceed in forma pauperis (ECF Nos. 2, 8) and his complaint for screening (ECF No. 1). For the reasons set forth below the court will grant the motion to proceed in forma pauperis and dismiss the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF Nos. 2, 8.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1

forward it to the Clerk of the court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.    Allegations in the Complaint**

Plaintiff states the events giving rise to the claim occurred while he was incarcerated at Mule Creek State Prison (MCSP). (ECF No. 1 at 1.) He has identified the following defendants: (1) John Doe #1, correctional officer at MCSP; (2) John Doe #2, correctional officer at MCSP; (3) John Doe #3, correctional officer at MCSP; and (4) John Doe #4, correctional sergeant at MCSP. (Id. at 2.)

////

Plaintiff alleges that on March 12, 2019, he was sitting at a table in the dayroom when another prisoner attacked him. (Id. at 3.) Three other inmates came to plaintiff's defense. John Doe #1 ordered everyone to "get down." Plaintiff immediately separated himself from the other inmates and "laid in the prone position." The other inmates continued fighting and Doe #1 fired two shots.[1] The first hit the ground and the second hit plaintiff in the head.

After plaintiff was struck, he continued to lay on the ground bleeding from a head wound. (Id. at 4.) Doe #2 cuffed plaintiff's hands behind his back. Doe #3 joined and ordered plaintiff to remain on the ground bleeding for about five minutes. Then they directed plaintiff to stand and walk to the medical clinic. He told them he could not walk. Medical staff arrived with a gurney, but Doe #3 told them it was unnecessary as plaintiff was going to walk to the clinic.

Plaintiff was forced to walk "about 120 yards to the clinic." He fell several times and had to stop and rest. Each time he was forced to continue walking. When he arrived at the medical clinic staff called for an ambulance to transport him to an outside hospital.

John Doe #4 was the on-duty shift supervisor. (Id. at 5.) He responded to the alarm activated as a result of the altercation. He saw plaintiff lying on the ground bleeding and "failed to adequately supervise the correctional officers subordinate to him." Instead of intervening and having Doe #2 and Doe #3 put plaintiff on a gurney he allowed the officers to force plaintiff to walk. He states Doe #4 is further liable because "he did not properly train and supervise" them.

### III. Does Plaintiff State a § 1983 Claim?

#### A. Excessive Force

The Eighth Amendment prohibits cruel and unusual punishment. "[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment prohibited by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (citations and quotations omitted). The use of force is constitutional if used to keep or restore order in the prison; it is unconstitutional if used maliciously or sadistically for the very purpose of causing harm. Id. at

---

[1] Plaintiff states he was struck in the head by a 37 mm projectile. The court presumes he is referring to a "gas gun, similar to a large shotgun in appearance, [that] shoots rubber blocks at high velocity." Madrid v. Gomez, 889 F.Supp. 1146, 1162 n.21 (N.D. Cal. Jan. 10, 1995).

320-21 (citing <u>Johnson v. Glick</u>, 481 F.2d 1028, 1033 (2nd Cir. 1973)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action."  <u>Hudson v. McMillian</u>, 501 U.S. 1, 9 (1992).  The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"  <u>Id.</u>, at 9-10.

The allegations in the complaint fail to show that Doe #1 used excessive force in breaking up the fight.  Plaintiff states that the other inmates were fighting when Doe #1 used force to break up the fight.

Additionally, plaintiff has not alleged facts showing that Doe #1 intended to hit him with the 37 mm round.  Accordingly, the court cannot find that the use of force was excessive.  <u>See</u> <u>Whitley</u>, 475 U.S. at 322 (quoting <u>Bell v. Wolfish</u>, 441 U.S. 520, 547 (1979)) (prison officials are entitled to "'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'").

**B.  Medical Care**

Where a prisoner's Eighth Amendment claim arises in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  <u>Estelle</u>, 429 U.S. at 106.  An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."  <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled on other grounds by</u> <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  <u>McGuckin</u>, 974 F.2d at 1059 (quoting <u>Estelle</u>, 429 U.S. at 104).  Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." <u>Id.</u> at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the

////

objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prisoner officials responded to the serious medical need with deliberate indifference. See Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06); see also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835.

Finally, mere differences of opinion between a prisoner and prison medical staff or between medical professionals as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi, 391 F.3d at 1058; Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff alleges he was left on the ground bleeding for five minutes, denied transportation to the medical center by gurney causing him to fall several times on the walk over. (ECF No. 1 at 3-4.) He further states that his physical and mental injuries were more severe as a result. The court finds such allegations could potentially state a claim for violation of his Eighth Amendment rights. However, because, as set forth below, he has failed to identify a defendant who can be served, the court will direct plaintiff to file an amended complaint.

### C. Supervisory Liability

Under § 1983, liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 101, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2004). "A supervisor may be liable on if (1) he or she is personally involved in the deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citations omitted); Lemire v. California Dep't of Corr. And Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff has stated that Doe #4, a sergeant, failed to intervene when Does #2 and #3 refused to place him on a gurney. Allegations indicating that Doe #4 observed officers violating plaintiff's rights and failed to intervene could state a claim. However, to the extent plaintiff's claim is based on a failure to train, he has not stated sufficient facts to support such a claim. To allege a defendant failed to train, plaintiff must show: (1) that the defendant was responsible for training, (2) just what the defendant did or did not do, (3) that the defendant knew his actions could cause plaintiff harm, and (4) that the actions did cause plaintiff harm. See Edgerly v. City & Cnty. of S.F., 599 F.3d 946, 962 (9th Cir. 2010) (dismissing supervisory liability claim when no facts "suggest [Sheriff] provided any training to Officers . . . ., or that he was responsible for providing formal training to any officers."). The complaint does not contain sufficient facts to show that Doe #4 failed to properly train the other defendant officers.

### D. Doe Defendants

Plaintiff has identified the four officers he alleges violated his rights as John Does 1-4. (ECF No. 1 at 2.) The use of John Does in pleading practice is generally disfavored – but it is not

prohibited. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999); Lopes v. Viera, 543 F. Supp.2d 1149, 1152 (E.D. Cal. 2008). However, the court cannot serve a complaint with only Doe defendants. Montgomery v. Wong, 2:20-cv-1515 DB P, 2021 WL 1907161, at *4 (E.D. Cal. May 12, 2021). Eventually plaintiff may be afforded an opportunity for limited, preliminary discovery to identify the names of the John Does "unless it is clear that discovery would not uncover their identities," Gillespie, 629 F.2d at 642, and only after the court is satisfied he has exhausted every other possibility of finding their names.

Since by this order plaintiff will be granted leave to file an amended complaint, he must use the time given to amend to do everything he can to supply the names of the Doe defendants without further assistance from the court. He may seek extensions of time for the filing of an amended complaint for that purpose if necessary.

### IV.    Amending the Complaint

As set forth above, plaintiff may be able to state a claim but, the court cannot serve a complaint with only Doe defendants. Accordingly, plaintiff will be given the opportunity to file an amended complaint.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

8

of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

////
////
////
////
////
////
////

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to proceed in forma pauperis (ECF Nos. 2, 8) are granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: August 12, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/hern0480.scrn