UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN HERNANDEZ, | No. 2:21-cv-0480 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| JOHN DOE #1, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants violated his Eighth Amendment rights. Presently before the court is plaintiff's motion for the appointment of counsel. (ECF No. 21.)

In support of his motion plaintiff argues the court should appoint counsel because he is unable to afford counsel, his imprisonment will limit his ability to litigate, he has limited law library access and knowledge of the law, counsel would be able to assist plaintiff in cross examining witnesses, and he has made efforts to obtain counsel. (Id. at 1-2.)

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

////

1

1      The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

      In the present case, the court does not find the required exceptional circumstances. Plaintiff appears able to articulate his claims pro se and at this stage of the proceedings, the court cannot determine the likelihood of success on the merits.  Thus, plaintiff's motion will be denied without prejudice to its renewal at a later stage of the proceedings.

      Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 21) is denied.

Dated:  April 18, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/R/hern0480.31