UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN HERNANDEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE, #1, et al.,<br><br>　　　　　Defendants. | No.  2:21-cv-0480 TLN DB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that defendants violated his Eighth Amendment rights.  Presently before the court is plaintiff's motion for reconsideration of the court's order granting defendants' motion to opt out of the post-screening ADR (Alternative Dispute Resolution) Project.  (ECF No. 30.)  For the reasons set forth below, the undersigned will recommend that plaintiff's motion for reconsideration be denied.

**I.　　Plaintiff's Motion**

　　　Plaintiff argues that the court should reconsider its decision to grant defendants' motion to opt out.  (ECF No. 30.)  In support of his argument, he states that he declined to speak to counsel for defendants because prison officials would not allow him to have a private conversation.  He states that defendants' counsel does not understand how the prison system works.  (ECF No. 30 at 5.)  Plaintiff fears that he would have been subjected to retaliation if he had talked to counsel for defendants.

He states that he knows "that every single prison has a specific place for conference calls." (Id. at 6.) Plaintiff alleges that when counsel for defendants called him to discuss the case on May 25, 2022, prison officials put the phone and speaker and the officers did not leave the room. (Id. at 7.) Plaintiff states that he did not feel comfortable speaking about the issue under those circumstances. (Id.)

## II.     Defendants' Opposition

Defendants argue that plaintiff has not offered new facts or circumstances in support of his motion for reconsideration. (ECF No. 32 at 1.) Defendants state that they included plaintiff's unwillingness to discuss the case in front of correctional staff in their motion to opt out. (Id. at 1-2.)

## III.    Legal Standards

Under Federal Rule of Civil Procedure 60, reconsideration is appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. School District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (1993). Additionally, the local rules state that a motion for reconsideration must demonstrate: "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and [] why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. R. 230(j)(3), (4).

## IV.    Analysis

As defendants argue, the court was previously aware that plaintiff refused to speak with counsel for defendants. (ECF No. 27 at 3.) While plaintiff has provided additional information explaining his refusal, such information does not change the court's analysis of defendants' motion to opt out. The court is sympathetic to the inherent difficulties in litigating a case while incarcerated. However, it does not change the undersigned's decision to grant defendants' motion to opt out because the motion was not granted solely based on plaintiff's refusal to speak with defense counsel. The decision was also based on defendants' statement that after review of relevant records they believe they have meritorious defenses to plaintiff's claims and that a

settlement conference would be a waste of judicial resources.  (ECF No. 27 at 3; ECF No. 28 at 1.)

Defendants' opposition and motion to opt out indicates that they are not willing to participate in a settlement conference at this time.  (ECF No. 32.)  Defendants further stated that after they filed their motion to opt out, they received plaintiff's valuation of the case.  (ECF No. 32 at 2.)  Based on plaintiff's valuation they affirm in their opposition that the gap between their valuation is "significant."  (Id. at 2.)  The court finds that it would be a waste of resources to hold a settlement conference where one party does not want to participate.  Accordingly, the undersigned finds that plaintiff's motion for reconsideration should be denied.

### V. Conclusion

For the reasons set forth above, IT IS HEREBY RECOMMENDED that plaintiff's motion for reconsideration be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 19, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/hern0480.opt.out.recon fr